**Phillip REED, an individual,
Plaintiff–Appellant,**

v.

**Lee BACA, individually and in his offi-
cial capacity; County of Los Angeles;
Los Angeles County Sheriff's Depart-
ment, Defendants–Appellees.**

No. 11–56429.

United States Court of Appeals,
Ninth Circuit.

Argued Aug. 8, 2013.

Submitted March 19, 2014.

Donald W. Cook, Mann & Cook, Robert
Mann, Donald W. Cook, Attorney at Law,
Los Angeles, CA, for Plaintiff–Appellant.

Scott Eric Caron, Lawrence Beach Allen
& Choi, PC, Glendale, CA, for Defendants–
Appellees.

Before: TALLMAN, CLIFTON, and
CALLAHAN, Circuit Judges.

MEMORANDUM *

Deputies for the Los Angeles County
Sheriff's Department (LASD) arrested
plaintiff Phillip Reed when his name, ad-
dress, driver's license number, vehicle
plate number, and physical description
matched the information shown in a mis-
demeanor warrant. He was booked, fin-
gerprinted, and then jailed for less than
twenty-four hours before a prosecutor de-
termined that the warrant was actually for

Reed's brother, who had stolen Reed's
identity. Reed filed an action under 42
U.S.C. § 1983 against the LASD, Los An-
geles County, and Sheriff Lee Baca, in
which he alleged that they violated his
Fourth and Fourteenth Amendment
rights. The district court granted sum-
mary judgment to the defendants. We
review a grant of summary judgment de
novo, *Fed. Trade Comm'n v. Stefanchik,*
559 F.3d 924, 927 (9th Cir.2009), and we
affirm.

Reed argues that the defendants violat-
ed the Fourth Amendment when they ar-
rested him. There is no question, even
when viewing the facts in the light most
favorable to Reed, that the police had
probable cause to arrest the true subject
of the warrant, and "the arresting officers
had a good faith, reasonable belief that the
arrestee was the subject of the warrant."
*Rivera v. Cnty. of Los Angeles,* No. 11–
57037, 745 F.3d 384, 389, 2014 WL 957388,
at *3 (9th Cir. Mar. 12, 2014). The Fourth
Amendment required no more.

Nor did Reed suffer a violation of his
Fourteenth Amendment rights. Like the
Supreme Court in *Baker v. McCollan,* we
are "quite certain" that Reed has not prov-
en that a Fourteenth Amendment violation
arose out of his twenty-four-hour confine-
ment. 443 U.S. 137, 145, 99 S.Ct. 2689, 61
L.Ed.2d 433 (1979). Reed has not pre-
sented any evidence that would allow a
reasonable juror to believe that any LASD
employee confined him with the knowledge
that he was not the true subject of the
warrant. *See Rivera,* 745 F.3d at 392,
2014 WL 957388, at *5. Nor did the war-
rant information itself indicate that further
investigation into Reed's identity was re-
quired. *Id.* Even assuming Reed's men-

---

* This disposition is not appropriate for publica-
tion and is not precedent except as provided    by Ninth Circuit Rule 36–3.

tions of mistaken identity constitute "repeated protests of innocence," the Due Process Clause was not violated since Reed's case was dismissed the next day on the prosecutor's motion. *Id.* at 393, 2014 WL 957388, *6 (quotation omitted).

The district court's judgment is **AFFIRMED.**

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.